## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KIMBERLY FORRER FRYE, | No. 4:20-CV-00593 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| DOMINIC SABATINI, D.M.D. and TOTAL HEALTH DENTISTRY, LLC, | |
| Defendants. | |

## MEMORANDUM OPINION

### NOVEMBER 4, 2022

Plaintiff Kimberly Forrer-Frye filed this medical malpractice action against her dentist, Dominic Sabatini, D.M.D., and his practice, Total Health Dentistry, LLC. The parties disagree over whether Pennsylvania law permits Frye to recover the prior cost of Defendants' allegedly negligent dental work and the future cost to redress her injury when her father paid for the former and will pay for the latter. Frye moved to seek the Court's interpretation of the relevant Pennsylvania statute. For the reasons below, the Court concludes that Pennsylvania law allows Frye to recover what her father paid Defendants for their allegedly negligent work and what her father will pay to redress it.

## I.     BACKGROUND

Frye, an adult woman, underwent extensive dental work performed by Sabatini, for which her father paid.[1] Frye alleges that Sabatini was negligent and that her resultant injuries require further dental work, for which her father will also pay.[2] The parties dispute over whether Frye may recover the sums her father paid and/or will pay under Section 508 of the Medical Care Availability and Reduction of Errors ("MCARE") Act, 40 P.S. § 1303.508. Frye filed this Motion in Limine seeking the Court's ruling on the issue.

## II.    ANALYSIS

### A.     Statutory Interpretation

When interpreting a statute, the Court "begin[s] with the text."[3] "If the statute's plain language is unambiguous and expresses [legislative] intent with sufficient precision," the Court stops there.[4] "Whether statutory language is clear 'is determined by reference to the language itself, the specific context in which that language is used, and the broader context of the statute as a whole.'"[5] "[I]f the 'literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters,'" the Court must "'construe [it] sensibly and avoid constructions

---

[1]   Plf.'s Mot. in Limine, Doc. 18 ¶ 5.

[2]   *Id.* ¶ 6; *see* Defs.' Resp. ¶ 6.

[3]   *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 302 (3d Cir. 2014) (citing *Allen ex rel. Martin v. LaSalle Bank, N.A.*, 629 F.3d 364, 367 (3d Cir. 2011)).

[4]   *Id.* (quoting *Allen*, 629 F.3d at 367).

[5]   *Newton v. Commr. Soc. Sec.*, 983 F.3d 643, 649-50 (3d Cir. 2020) (quoting *Robinson v. Shell Oil Co.*, 519 U.S. 337, 341 (1997)).

which yield absurd or unjust results.'"[6] "Where the plain meaning of a statute would lead to an absurd result, [the Court] presume[s] 'the legislature intended exceptions to its language [that] would avoid results of this character.'"[7]

### B.    The MCARE Act

Section 508 of the MCARE Act provides that "a claimant in a medical professional liability action is precluded from recovering damages for past medical expenses or past lost earnings incurred to the time of trial to the extent that the loss is covered by a private or public benefit or gratuity that the claimant has received prior to trial."[8]

Section 508 abrogated the common law collateral source rule for professional liability actions in Pennsylvania.[9] Where available, that rule "directs that payments from a collateral source shall not diminish the damages otherwise recoverable from the wrongdoer."[10] The statute accordingly precludes a professional liability plaintiff from recovering costs that were "covered by a private or public benefit or gratuity."[11]

---

[6]   *Douglass*, 765 F.3d at 302 (quoting *United States v. Fontaine*, 697 F.3d 221, 227 (3d Cir. 2012)).

[7]   *Id.* (quoting *Gov't of Virgin Islands v. Berry*, 604 F.2d 221, 225 (3d Cir. 1979)).

[8]   40 P.S. § 1303.508(a).

[9]   *Yanakos v. UPMC*, 218 A.3d 1214, 1237 n.12 (Pa. 2019).

[10]  *Tannenbaum v. Nationwide Ins. Co.*, 992 A.2d 859, 863 (Pa. 2010) (citing *Johnson v. Beane*, 664 A.2d 96, 100 (Pa. 1995)); *see also Beechwoods Flying Service, Inc. v. Al Hamilton Contracting Corp.*, 476 A.2d 350, 353 (Pa. 1984) (explaining that the collateral source rule was "intended to prevent a wrongdoer from taking advantage of the fortuitous existence of a collateral remedy")

[11]  40 P.S. § 1303.508(a).

## C.    Application

The parties differ over what the word gratuity means. "[T]o determine the plainness or ambiguity of Section [508's] statutory language, in addition to considering the statutory language itself, [the Court] may also engage in 'a studied examination of the statutory context.'"[12]

The MCARE Act is in part tort reform legislation. Legislative history indicates that the MCARE Act was the Pennsylvania legislature's response to Pennsylvania physicians' growing concern over rising malpractice insurance premiums.[13] To that end, the statute limits what damages a medical malpractice plaintiff may recover. But the Act does not define what gratuity means or what it means to cover a loss by gratuity. No Pennsylvania court as had occasion to interpret what gratuity means. Nor does legislative history offer any guidance.

Defendants argue that Frye is precluded from recovering the cost of her allegedly negligently performed dental work because her father gratuitously paid for it. The Court respectfully disagrees.

Although Section 508 abrogated the collateral source rule, the rule provides the common law background that the Court may consider when interpreting the statute. Cases applying the rule have consistently applied it to situations in which a medical provider wrote off portions of his bill, healthcare institutions provided free

---

[12]    *In re Denby-Peterson*, 941 F.3d 115, 124 (3d Cir. 2019) (quoting *In re Price*, 370 F.3d 362, 369 (3d Cir. 2004)).

[13]    *See generally* Pennsylvania Senate Journal, 2002 Reg. Sess. No. 30.

care, or family and friends provided care to the injured party, usually in the form of nursing services.[14]

For example, the Supreme Court of Illinois through its decisions limited the collateral source rule in a manner similar to Section 508, barring a plaintiff from recovering the reasonable value of free medical services and later reversing course to allow such recovery.[15] Similarly, in *Evans v. Pennsylvania Railroad Co.*, the United States Court of Appeals for the Third Circuit, applying Delaware law, held that a plaintiff could only "recover damages for *services* rendered only to the extent that he has paid for them or incurred an actual liability therefor."[16] Therefore, the plaintiff could not recover the reasonable value of "*services* to the plaintiff . . . rendered by his mother and father" because such services "were gratuitous."[17]

Section 508 does abrogate the collateral source rule, on which those cases rely. But the MCARE Act seeks to ensure that "[a] person who has sustained injury or death as a result of medical negligence by a health care provider must be afforded

---

[14]  *See, e.g.*, *Coyne v. Campbell*, 183 N.E.2d 891, 892 (N.Y. 1962) (refusing to allow a plaintiff to recover costs for medical services where the "[p]laintiff's colleagues rendered the necessary medical services gratuitously as a professional courtesy"); *Hudson v. Lazarus*, 217 F.2d 344 (D.C. Cir. 1954) (allowing recovery of medical services gratuitously that a veteran plaintiff received from a veteran's hospital); *Johnson v. Rhuda*, 164 A.2d 675 (1960) (allowing recovery for mother's nursing services provided to daughter).

[15]  *See Peterson v. Lou Bachrodt Chevrolet Co.*, 392 N.E.2d 1, 5 (Ill. 1979), *overruled by Wills v. Foster*, 892 N.E.2d 1018, 1031 (Ill. 2008).

[16]  255 F.2d 205, 210 (3d Cir. 1958) (emphasis added).

[17]  *Id.* (emphasis added).

a prompt determination and fair compensation."[18] The Act's focus on fairly compensating plaintiffs is consonant with the policies underlying the collateral source rule—that if any party is to be doubly compensated, it should be the injured plaintiff rather than the injury-causing defendant.[19] The Court concludes that to deny Frye what her father paid for Defendants' allegedly negligent work would deny her fair compensation.[20] Put differently, if Defendants are liable, the benefit of Frye's father's generosity or his moral obligation should not redound to them.

## III.  CONCLUSION

For the foregoing reasons, the Court concludes that Section 508 of the MCARE Act does not bar Frye from pleading, raising at trial, or recovering the costs her father previously paid for Defendants' allegedly negligent work dental work or what he may pay to rectify the alleged injuries before trial.

An appropriate Order follows.

BY THE COURT:


*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[18]  40 P.S. § 1303.102 (explaining the policy rationales of the MCARE Act); *accord* 40 P.S. § 1303.502 (explaining the policy rationales related to the professional liability provisions of the MCARE Act).

[19]  *See* Restatement (Second) of Torts § 920A (1979).

[20]  *See Disabled in Action of Pennsylvania v. S.E. Pennsylvania Transp. Auth.*, 539 F.3d 199, 210 (3d Cir. 2008) (explaining that courts should "avoid [statutory] constructions that produce 'odd' or 'absurd results' or that are 'inconsistent with common sense.'").