# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KIMBERLY FORRER-FRYE ,

      Plaintiff,

  v.

DOMINIC SABATINI, D.M.D. and
TOTAL HEALTH DENTISTRY,
LLC,

      Defendants.

No. 4:20-CV-00593

(Chief Judge Brann)

## MEMORANDUM OPINION

### JANUARY 24, 2023

Plaintiff Kimberly Forrer-Frye filed this medical malpractice action against her dentist, Defendant Dominic Sabatini, D.M.D., for his alleged negligent dental work. She also sues the entity that she alleges currently employs Sabatini, Total Health Dentistry, LLC ("THD"), for its vicarious liability for Sabatini's actions. THD purchased Sabatini's practice in December 2016 pursuant to a written purchase agreement. At that time, he was in the midst of treating Frye's dental issues and continued to treat her after THD purchased his practice.

THD denies vicarious liability for Sabatini's treatment of Frye. Frye agreed to stipulate to THD's dismissal. But Sabatini opposes the dismissal of THD. THD now moves for summary judgment on Frye's vicarious claim against it. For the reasons that follow, THD's motion will be denied.

## I.    BACKGROUND

Forrer-Frye , an adult woman, underwent extensive dental work performed by Sabatini from 2014 to 2019.[1] When she began treatment with Sabatini, Sabatini worked independently as a dentist and had no association with THD.[2] While work was ongoing, THD purchased Sabatini's practice pursuant to a "Professional Partnership Agreement" through which THD agreed to "cover all expenses of business including but not limited to [two] employees, operatory hours, lab expenses, marketing, utilities, lease expense, payroll, etc."[3] Sabatini agreed to perform dental treatment for THD for a minimum of two days a week.[4] The agreement became effective on the closing date: December 1, 2016.[5] Sabatini continued to treat Forrer-Frye after the closing date.[6]

Pursuant to the Agreement, THD purchased various assets from Sabatini's practice but did not purchase "[a]ll accounts receivable and deposits, if any, for services performed by [Sabatini] through and including [December 1, 2016]."[7] THD also agreed to assume certain liabilities relating to a condominium Sabatini owned.[8]

---

[1]    THD Statement of Material Facts "SOF," Doc. 31 ¶ 1; Compl., Doc. 1 ¶¶ 6-9.

[2]    *See* Dep. of Dominic Sabatini, D.M.D., Doc. 31-1 at 118, 15:11-25. THD filed Sabatini's deposition as part of an appendix to its SOF. Therefore, the Court first cites to the relevant page in the appendix, followed by the relevant page and line numbers of the deposition transcript.

[3]    Professional Partnership Agreement, Doc. 31-1 at 133; *see also* Sabatini Dep., Doc. 31-1 at 120, 23:19-24:5.

[4]    Professional Partnership Agreement, Doc. 31-1 at 133.

[5]    *Id.*

[6]    *See* Sabatini Dep., Doc. 31-1 at 120, 23:17-25:14.

[7]    Professional Partnership Agreement, Doc. 31-1 at 135.

[8]    *Id.* at 135, 158.

With respect to patients Sabatini was already treating at the time of the purchase, THD agreed to "cooperate with [Sabatini] to ensure any work in process at the time of Closing is properly completed," which included Forrer-Frye's treatment.[9]

The Agreement also contained mutual indemnification clauses. Sabatini agreed to indemnify and hold THD harmless for any liabilities that arose "solely from events prior to [December 1, 2016]" in connection with Sabatini's operation of his independent practice.[10] THD agreed to indemnify Sabatini for any liabilities that arose after December 1, 2016 and arose "solely from events subsequent to [December 1, 2016]" in connection with operation of THD's practice.[11]

After both Defendants answered Forrer-Frye's Complaint,[12] THD attempted to procure the voluntary dismissal of all of Forrer-Frye's vicarious claims against THD with prejudice through Federal Rule of Civil Procedure 41.[13] After an answer has been filed, Rule 41(a)(1)(A)(ii) requires a stipulation to dismissal signed by all

---

[9]   *Id.* at 142; *see also* Sabatini Dep., Doc. 31-1 at 120, 24:13-25:7.
[10]  Professional Partnership Agreement, Doc. 31-1 at 145. The exact language of the clause requires Sabatini to indemnify THD for all liabilities deriving solely from events prior to the Closing and arising from or in connection with the operation of [Sabatini's] practice or the ownership, control or management of any assets or property described in [the] Agreement prior to [December 1, 2016], regardless [of] whether such liabilities, claims and obligations are now known or unknown and regardless [of] whether action of such liabilities, claims or obligations is taken before or after the [December 1, 2016]. *Id.*
[11]  *Id.*
[12]  *See* Sabatini Ans., Doc. 5; THD Ans., Doc. 8.
[13]  *See* Proposed Stipulation to Dismiss, Doc. 29-1.

parties to voluntarily dismiss a claim.[14] Sabatini refused to join in the stipulation.[15] THD now moves for summary judgment in its favor on the vicarious claims against it, with which Forrer-Frye concurs.[16] Sabatini opposes THD's motion.[17] Briefing on THD's motion is now complete and it is ripe for disposition.

## II.    DISCUSSION

### A.    Summary Judgment Standard

Under Rule 56, summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[18] Material facts are those "that could alter the outcome" of the litigation, "and disputes are 'genuine' if evidence exists from which a rational person could conclude that the position of the person with the burden of proof on the disputed issue is correct."[19] A defendant "meets this standard when there is an absence of evidence that rationally supports the plaintiff's case."[20] Conversely, to survive summary judgment, a plaintiff must "point to admissible

---

[14]  *See Westinghouse Elec. Corp. v. United Elec. Radio and Mach. Workers of Am.*, 194 F.2d 770, 771 (3d Cir. 1952); *Shamrock Creek LLC v. Borough of Paramus*, 683 F. App'x 142, 144 (3d Cir. 2017).

[15]  *See* Email Exchange between Counsel, Doc. 34-2.

[16]  THD MSJ, Doc. 29; Oct. 6, 2022 Email from Richard H. Wix, Counsel for Forrer-Frye , to Michael C. Mongiello, Counsel for THD, Doc. 29-2.

[17]  *See* Sabatini MSJ Opp., Doc. 34. Sabatini failed to file a separate statement of material facts in response to THD's motion, as required by Local Rule 56.1. However, Sabatini filed a document responding to each averment in THD's motion with his opposition brief, *see* Doc. 34 at 1-4, which the Court finds sufficient for the purposes of THD's motion. The Court advises Sabatini to adhere to the Local Rules and seek clarification if needed.

[18]  Fed. R. Civ. P. 56(a).

[19]  *EBC, Inc. v. Clark Bldg. Sys., Inc.*, 618 F.3d 253, 262 (3d Cir. 2010) (quoting *Clark v. Modern Grp. Ltd.*, 9 F.3d 321, 326 (3d Cir. 1993)).

[20]  *Clark*, 9 F.3d at 326.

evidence that would be sufficient to show all elements of a *prima facie* case under applicable substantive law."[21]

The party requesting summary judgment bears the initial burden of supporting its motion with evidence from the record.[22] When the movant properly supports its motion, the nonmoving party must then show the need for a trial by setting forth "genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."[23] The United States Court of Appeals for the Third Circuit explains that the nonmoving party will not withstand summary judgment if all it has are "assertions, conclusory allegations, or mere suspicions."[24] Instead, it must "identify those facts of record which would contradict the facts identified by the movant."[25]

In assessing "whether there is evidence upon which a jury can properly proceed to find a verdict for the [nonmoving] party,"[26] a court "must view the facts and evidence presented on the motion in the light most favorable to the nonmoving party."[27] Moreover, "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c)," the

---

[21]  *Id.*

[22]  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

[23]  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

[24]  *Betts v. New Castle Youth Development Center*, 621 F.3d 249, 252 (3d Cir. 2010).

[25]  *Port Authority of N.Y. and N.J. v. Affiliated FM Insurance Co.*, 311 F.3d 226, 233 (3d Cir. 2002) (quoting *Childers v. Joseph*, 842 F.2d 689, 694-95 (3d Cir. 1988)).

[26]  *Liberty Lobby*, 477 U.S. at 252 (quoting *Schuylkill & Dauphin Imp. Co. v. Munson*, 81 U.S. 442, 448 (1871)).

[27]  *Razak v. Uber Technologies, Inc.*, 951 F.3d 137, 144 (3d Cir. 2020).

court may "consider the fact undisputed for purposes of the motion."[28] Finally, although "the court need consider only the cited materials, . . . it may consider other materials in the record."[29]

### B. There Are Material Factual Disputes As To Whether THD is Vicariously Liable for Sabatini's Actions

At the outset, the Court notes the somewhat awkward procedural posture before it. THD has moved for summary judgment in its favor on Forrer-Frye's claim against it, opposed by Sabatini, who at this point has no independent crossclaim against codefendant THD.[30]

THD argues that it is not liable for Sabatini's treatment of Forrer-Frye because Sabatini's treatment began before December 1, 2016, the closing date for the Professional Partnership Agreement. Sabatini responds that he became THD's

---

[28]   Fed. R. Civ. P. 56(e)(2); *see also Weitzner v. Sanofi Pasteur Inc.*, 909 F.3d 604, 613-14 (3d Cir. 2018).

[29]   Fed. R. Civ. P. 56(c)(3).

[30]   *See* Sabatini Ans. Doc. 5. Generally, the plaintiff is the master of her complaint, and a defendant cannot force the plaintiff to litigate a claim she wishes to abandon, especially where the plaintiff consents to dismissal with prejudice that serves as a final adjudication of the plaintiff's claims. Indeed, the Federal Rules of Civil Procedure provide for such a mechanism. Rule 41(a)(2) allows a plaintiff to request a court order dismissing a claim. Generally, courts grant such motions if dismissal will not prejudice any defendants, with some even holding dismissal is required if the plaintiff moves for dismissal with prejudice. *See Protocomm Corp. v. Novell, Inc.*, 171 F. Supp. 2d 459, 471 (E.D. Pa. 2001). Although Forrer-Frye concurs in THD's motion, Rule 41 requires the plaintiff, not the defendant, to move for dismissal. In this case, the Court notes—but does not decide—that dismissal of Forrer-Frye's vicarious claims against THD does not appear to prejudice Sabatini as it would not affect a potential indemnification claim between Defendants. *See Paramount Aviation Corp. v. Agusta*, 178 F.3d 132, 146 n. 11 (3d Cir. 1999) (observing that neither the principles of preclusion nor the Federal Rules prohibit a party from later filing what would have been a crossclaim against a codefendant as an independent claim in a separate action). No indemnification claim has been alleged in the instant matter. *See* Sabatini Ans., Doc. 5.

employee after the closing date and continued to treat Forrer-Frye. He therefore argues THD is vicariously liable for his action and accordingly should not be dismissed from this matter.

The parties do not appear to dispute the governing test for an employer's vicarious liability for its employee's conduct. Under Pennsylvania law, "[t]he conduct of an employee is considered within the scope of employment for purposes of vicarious liability if: (1) it is of a kind and nature that the employee is employed to perform; (2) it occurs substantially within the authorized time and space limits; (3) it is actuated, at least in part, by a purpose to serve the employer."[31] Employer liability is simply one specific form of agency liability.[32] The existence of an employment relationship is generally a fact-specific issue best resolved by a jury.[33]

With respect to the first and second elements, THD relies on three items of testimony.[34] First, it relies on Sabatini's statement that he "had no association" with THD and worked at an "office under [his] name alone" prior to the closing date.[35] Second, it relies on Sabatini's deposition testimony that THD would schedule his prior patients—such as Forrer-Frye—during THD's morning meeting because

---

[31] *Ludwig v. McDonald*, 204 A.3d 935, 943 (Pa. Super. 2019).

[32] THD argues that there is no "ostensible agency" relationship between it and Sabatini. THD MSJ Br., Doc. 30 at 7-8. Ostensible agency does not appear to apply to incorporated practice groups of physicians as the Pennsylvania statute that governs ostensible agency relationships in the medical field, 40 P.S. § 1303.516, only applies to hospitals, which are defined as entities licensed as hospitals under a different statute, 40 P.S. § 1303.103.

[33] *See Breslin by Breslin v. Ridarelli*, 454 A.2d 80, 82 (Pa. Super. 1982) (citing *Feller v. New Amsterdam Cas. Co.*, 70 A.2d 299, 300-01 (Pa. 1950)).

[34] THD MSJ Br., Doc. 30 at 8; THD Reply Br., Doc. 35, at 5-8.

[35] Sabatini Dep., Doc. 31-1, at 15:19-25.

7

Sabatini's "guess[ed]" that THD did not want him to see his prior patients on THD time.[36] Third, it relies upon Forrer-Frye's testimony that her cleanings with THD were a "separate process" with a "separate staff."[37]

There can be no  dispute as to the first element. THD hired Sabatini—a dentist—to do dental work. He then provided dental treatment to Forrer-Frye. That satisfies the first element of employer liability. None of the statements THD relies upon indicate that Sabatini's practice was "purposefully segregated" from THD's practice.[38] The first statement THD relies upon only concerns the relationship between Sabatini and THD before the closing date and therefore has little relevance to their relationship after the date. As to the second and third statements THD cites to, the Court finds that both Sabatini and Forrer-Frye were offering their unsubstantiated opinions, Sabatini as to THD's intention in structuring its practice, and Forrer-Frye as to how THD operated its business. Neither can conclusively show that Sabatini was acting outside the scope of employment. The fact that Sabatini treated his prior patients during THD's morning meetings does not indicate that he worked outside authorized time limits. He was still working at THD facilities with assistance from THD employees.[39]

---

[36]  *Id.* at 122, 32:12-25.

[37]  Dep. of Kimberly Forrer-Frye , Doc. 35-1 at 72:6-10.

[38]  THD Reply Br., Doc. 35, at 7. The evidence presented on this motion may be relevant to how damages are apportioned between both Defendants, but that is not an issue raised in this motion.

[39]  *Id.* at Professional Partnership Agreement, Doc. 31-1 at 133.

Moreover, other evidence in the record weighs against THD's position. THD agreed to "cover all expenses of business including but not limited to [two] employees, operatory hours, lab expenses, marketing, utilities, lease expense, payroll," among other unenumerated expenses.[40] That indicates that THD covered expenses incurred by Sabatini when he was performing dentistry.

The record also indicates that multiple THD employees assisted Sabatini in Forrer-Frye's treatment.[41] THD has offered no testimony or documentary evidence indicating that it has no control over Sabatini's work. Conversely, Sabatini avers in his filings that he is an employee.[42] His assertions may serve to indicate an agency relationship.[43] THD has presented no evidence demonstrating that it lacked control over Sabatini's work such that no agency relationship existed between them. Taking all reasonable inferences in THD's favor, the facts listed above weigh against summary judgment on Forrer-Frye's vicarious claims.

As for the third element, THD relies on the fact that Forrer-Frye only paid Sabatini for the implant work rather than THD.[44] But this fact alone does not conclusively demonstrate that Sabatini's actions did not serve THD at all where THD covered all of Sabatini's expenses and THD employees assisted Sabatini in

---

[40] *Id.* at 133.
[41] *See* Sabatini Dep. Doc. 31-1 at 120, 22:16-23:21; Doc. 31-1 at 121-22, 27:23-29:30:11.
[42] Sabatini MSJ Opp., Doc. 34 ¶¶ 24-25.
[43] *See* Restatement (Second) of Agency § 226 (explaining that an agent's admissions in court may serve to show an agency relationship).
[44] *See* THD MSJ, Doc. 29 ¶ 22; Sabatini Resp. to MSJ, Doc. 34 ¶ 22.

9

treating Forrer-Frye. Nor does it overcome the other evidence that weighs in favor of concluding that Sabatini is THD's employee.

Lastly, THD points the Court's attention to indemnification clauses in the Professional Partnership Agreement, arguing that the language regarding the clauses' scope demonstrates that THD is not vicariously liable for Sabatini's actions because he began treating Forrer-Frye before the closing date.[45] Who indemnifies whom is irrelevant to Forrer-Frye's claim that Sabatini, as an employee or agent of THD, negligently treated her.[46] The clauses may be relevant to what share of the damages each Defendant must pay, but they do not conclusively establish that Sabatini was acting outside the scope of his employment. Therefore, there are still factual disputes over whether Sabatini acted as THD's employee when treating Forrer-Frye after December 1, 2016. Summary judgment is accordingly inappropriate at this time.

## III.   CONCLUSION

For the foregoing reasons, THD's motion is denied.

An appropriate Order follows.

BY THE COURT:

_s/ Matthew W. Brann_
Matthew W. Brann
Chief United States District Judge

---

[45]   THD MSJ Br., Doc. 30 at 8-9.
[46]   *See* Compl., Doc 1 ¶ 6.